# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James B. Zagel | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 4776 | **DATE** | JUN 2 9 2012 |
| **CASE TITLE** | Garryl Willis (697346) vs. Charles E. Warren | | |

**DOCKET ENTRY TEXT**

Petitioner is instructed to submit a proposed amended federal habeas corpus petition detailing his federal claims within twenty-eight days of the entry of this order. Petitioner shall also submit a written report detailing what claims he is presently attempting to exhaust in his postconviction proceedings, and those claims that were previously exhausted in his direct appeal proceedings. Petitioner should also detail the current status of his state postconviction proceedings. Respondent shall not answer or otherwise respond to the federal habeas corpus petition at this time. Respondent is instructed to submit a written report within twenty-eight days of the entry of this order detailing the history of petitioner's state court proceedings (direct, postconviction, and any related proceedings). Counsel for respondent shall also file an appearance. The Clerk is directed to send the petitioner an amended habeas form and instructions for filing along with a copy of this order. Petitioner is warned that failure to comply with these directives will result in summary dismissal of this case. Petitioner's motion for appointment of counsel (Dkt. No. 4), is denied.

■[ For further details see text below.]                                     Docketing to mail notices.

## STATEMENT

Pro se petitioner Garryl Willis has brought a habeas corpus petition pursuant to 28 U.S.C. § 2254 challenging his 2007 murder conviction from the Circuit Court of Cook County. Petitioner alleges that his conviction was affirmed on direct appeal, but is presently litigating a post conviction petition under the Illinois Post Conviction Hearing Act, 725 ILCS 5/122-1. The postconviction petition was denied by the state trial court judge on May 27, 2011.

Petitioner explains that he was involuntarily transferred from Illinois to a state prison in New Jersey while his Illinois postconviction petition was pending. The state postconviction was subsequently denied by the Illinois judge. Due to the transfer to New Jersey, petitioner claims that he did not receive proper notice of the decision, or other necessary legal documents to bring a timely appeal. His attempts to bring an out of time appeal were rejected by the state trial judge. Petitioner is continuing his efforts to bring an out of time appeal in the Illinois courts.

Petitioner has brought the present federal habeas corpus petition in addition to his pending state court efforts. He wishes to stay this case so that he can continue his attempts to exhaust his state postconviction petition claims. (Dkt. No. 6). (He does not invoke equitable tolling at this time. *See Holland v. Florida*, 130 S. Ct. 2549 (2010)). Unfortunately, petitioner does not raise any claims in the present federal habeas corpus petition. (Dkt. No. 1 at 5). Instead, he "prays to reserve the right to amend all grounds until he full[y] exhaust[s] all state court remedies." (*Id.*).

# STATEMENT

Petitioner finds himself in a predicament. He raised a number of claims on a direct appeal and now wishes to raise more claims in the state postconviction proceeding, including ineffective assistance of counsel arguments. "[U]nder Illinois law, a collateral postconviction proceeding is most often the first point at which an ineffective assistance of counsel claim will be presented." *Illinois v. Ligon*, 940 N.E.2d 1067, 1078 (Ill. 2010). At present, any postconviction claim would not be fully exhausted for purposes of federal habeas corpus review because petitioner must raise the claim to all levels of the Illinois courts including in a petition for leave to appeal to the Supreme Court of Illinois. *Bland v. Hardy*, 672 F.3d 445, 449 (7th Cir. 2012). Petitioner did present claims on a direct appeal through the full Illinois court process including to the Illinois Supreme Court. But, the timely appeal issue appears to be presently stopping the exhaustion of his postconviction claims. Thus, petitioner can either only proceed in a federal habeas corpus petition with his direct appeal claims (and thus abandon any postconviction claims such as ineffective assistance of counsel), or attempt to continue with his so far unsuccessful postconviction appeal efforts. *Burton v. Stewart*, 549 U.S. 147, 154 (2007) (per curiam) (citations omitted).

But an attempt to proceed with the postconviction claims in light of the denial of his request to bring an out of time appeal presents its own risk to petitioner. The one year statute of limitations period is only statutorily tolled while there is a properly filed application for a state postconviction or other collateral review pending. 28 U.S.C. § 2244(d)(2). Even if petitioner's subsequent efforts to bring an postconviction petition appeal are granted, there will be a period of time (the intervening period before his out of time appeal is granted) when there is no permissible statutory tolling. *Griffith v. Rednour*, 614 F.3d 328, 329-31 (7th Cir. 2010). If the federal habeas corpus petition is untimely, all of petitioner's claims (both raised on direct appeal and postconviction review), would be subject to dismissal under the federal statute of limitations.

Petitioner's apparent Illinois state law arguments for an out of time state postconviction appeal have a basis in Illinois law. This Court, of course, must leave it to the Illinois Courts to evaluate their own law on the appeal issue. But the merits of petitioner's present efforts to appeal in Illinois do impact this Court consideration of whether it should grant him a stay of his present federal habeas petition. *Rhines v. Weber*, 544 U.S. 269, 277 (2005) (instructing that a district court should not stay a federal habeas corpus petition when the prisoner's efforts at exhaustion are "plainly meritless").

Illinois law recognizes that a prisoner may bring an out of time appeal from the denial of a postconviction petition when the state trial court clerk fails to provide him proper notice of the dismissal. *Illinois v. Clark*, 869 N.E.2d 1019, 1028-29 (Ill. App. Ct. 2007). Although the full state court record is not before the Court, petitioner claims that he did not receive the proper notice of the postconviction denial resulting in being deprived of his state appeal rights. As a second and distinct possibility for petitioner, the Illinois Supreme Court's supervisory authority under the Illinois Constitution provides that court with an "unequivocal grant of power" that it has used in the past to grant out of time appeals. *Illinois v. Whitfield*, 888 N.E.2d 1166, 1177 (Ill. 2007); *Illinois v. Lyles*, 840 N.E.2d 1187, 1193 (Ill. 2005).

Petitioner has plausible arguments as to why he should receive an out of time appeal on postconviction review. Without a proper appeal of the denial of his state postconviction petition in the state trial court, petitioner faces the inability to exhaust his claims raised in the state postconviction proceeding for federal habeas corpus purposes. Furthermore, whether the out of time appeal is granted by the state court, petitioner also faces the possibility that the postconviction proceeding will not toll a portion the federal statute of limitations period.

Petitioner faces significant uncertainly regarding whether the Illinois courts will ultimately adjudicate

| STATEMENT |
|---|

his postconviction petition or continue to reject his efforts to bring an untimely appeal. In this type of situation, it is appropriate to grant petitioner a protective stay of his present federal habeas corpus petition so that he may attempt to complete his state exhaustion efforts. *Pace v. DiGuglielmo*, 544 U.S. 408, 416 (2005); *Rhines*, 544 U.S. at 276-77.

Petitioner, however, has failed to raise any claims in his present federal habeas corpus petition. This is a *serious* problem in his efforts to bring an effective protective stay in this Court. The filing of the present federal habeas corpus petition is, by itself, not enough to toll the federal statute of limitations, or otherwise provide petitioner with a stay of the federal limitations period. *Duncan v. Walker*, 533 U.S. 167, 181 (2001). Petitioner wants to receive a stay now and add claims later. But, these claims added at a future date will not relate back to the present federal habeas corpus petition, and so the timeliness of claims added in the future will be based on that later date when they are filed. Federal habeas corpus claims filed in a second petition only relate back to the first petition for statute of limitations purposes when the claims presented in the first and second petition share a "common core of operative facts." *Mayle v. Felix*, 545 U.S. 644, 664 (2005). By definition, there cannot be relation back from a claims in a future federal habeas corpus petition to the current petition because the current petition does not contain any claims.

Thus, petitioner is instructed to submit a proposed amended federal habeas corpus petition detailing his federal claims within twenty-eight days of the entry of this order. Petitioner shall also submit a written report detailing what claims he is presently attempting to exhaust in his postconviction proceedings, and those claims that were previously exhausted in his direct appeal proceedings. Petitioner should also detail the current status of his state postconviction proceedings.

The amended petition must be on the form required under Local Rule 81.3(a) of this court. The petitioner must write both the case number and the judge's name on the amended petition and return it to the Prisoner Correspondent. As with every document filed with the court, the petitioner must include the original plus a judge's copy; he must also provide a copy to the Chief, Criminal Appeals Division, Office of the Illinois Attorney General, 100 W. Randolph Street, 12th Floor, Chicago, IL 60601. Every copy of the amended habeas petition must include a complete set of any exhibits attached to the original amended petition.

Petitioner is admonished that the amended petition supercedes the original petition. In other words, after the petitioner files an amended petition, the court will no longer consider the original petition. Thus, any information contained in the original petition will not be considered if it is not included in the amended petition. Furthermore, inmates generally have only one opportunity to seek federal habeas review. 28 U.S.C. § 2244(b). Therefore, the petitioner should fill out his amended petition carefully and completely, including any and all grounds he wants the court to consider in determining the validity of his conviction.

Petitioner is warned that failure to comply with these directives will result in summary dismissal of this case pursuant to Rule 4 of the Rules Governing Habeas Corpus Cases Under Section 2254. Petitioner's motion for appointment of counsel (Dkt. No. 4), is denied. Counsel is traditionally appointed in a habeas corpus proceeding only if an evidentiary hearing is needed or if the interests of justice require. *See Martel v. Clair*, 132 S. Ct. 1276, 1285 (2012); Rule 8(c), Rules Governing Section 2254 Cases. The Court must first consider petitioner's amended federal habeas corpus petition before determining whether counsel is necessary.

The Clerk is directed to send the petitioner an amended habeas form and instructions for filing along

# STATEMENT

with a copy of this order.

Respondent shall not answer or otherwise respond to the federal habeas corpus petition at this time. Respondent is instructed to submit a written report within twenty-eight days of the entry of this order detailing the history of petitioner's state court proceedings (direct, postconviction, and any related proceedings). Counsel for respondent shall also file an appearance.